# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROWN UNIVERSITY<br>    In Providence in the State of Rhode Island and Providence Plantations,<br><br>              Plaintiff,<br><br>v.<br><br>GARY ZIMET,<br><br>              Defendant. | CASE NO.: CV 17-7522-GW(GJSx)<br><br>**AMENDED PRELIMINARY INJUNCTION** |

Brown University ("Plaintiff") has sued Gary Zimet ("Defendant") in connection with Zimet's possession of, and plan to auction off, the Student File of John F. Kennedy, Jr. ("JFK, Jr."), that was compiled while he was an applicant and student at the University. (Docket Nos. 1-2.) On October 19, 2017, Plaintiff applied for a temporary restraining order to prevent Defendant from "selling, transferring or otherwise alienating any document in his possession, custody, or control that was once owned by Brown University," including the JFK, Jr. Student File. (Docket Nos. 11-17.) The Court granted the request, finding Plaintiff had satisfied both the traditional

injunctive relief test and the Ninth Circuit's alternative "sliding scale" test. (Docket Nos. 18-19.)

The Court set a briefing schedule and a hearing to determine whether the temporary restraining order should be converted into a preliminary injunction. (Docket No. 19.) Plaintiff served Defendant with the Summons and Complaint (and other materials, including the temporary restraining order and materials related thereto) on October 22, 2017. (Docket No. 20.) Defendant filed an opposition brief. (Docket No. 21.) Plaintiff filed a reply brief and evidentiary objections. (Docket Nos. 23-24.) On November 2, 2017, following argument of counsel, the Court granted Plaintiff's request for preliminary injunction for the reasons stated in its tentative ruling which was adopted as the Court's final ruling. (Docket No. 25.)

## FINDINGS

Pursuant to Fed. R. Civ. P. 65 and Local Rule 65, and after consideration of the Verified Complaint, Brown University's Application for Preliminary Injunction, and all other papers filed herein, it appears to the satisfaction of the Court that:

(1) The Summons, Complaint, Temporary Restraining Order, and other pleadings and papers were properly served on Defendant.

(2) This Court has jurisdiction over the subject matter of this case, and personal jurisdiction over Defendant.

(3) Venue lies properly with this Court.

(4) The Complaint states a claim upon which relief can be granted, and Plaintiff has the authority to seek the relief it has requested.

(5) Plaintiff is likely to prevail on the merits of this action.

(6) The documents at issue are unique and bear both intrinsic and historical value.

(7) There is a substantial likelihood that the documents will be transferred, sold or otherwise disposed of before the Court has an opportunity to hear evidence at a

trial on the merits of ownership unless the Court enters the Injunctive relief Plaintiff seeks.

(8) If that happens, Plaintiff will suffer irreparable harm that will not be capable of compensation by simple money damages.

(9) Defendant will not be harmed if the *status quo* is maintained until the trial on the merits of ownership.

(10) Weighing the equities and considering the Plaintiff's likelihood of success in the action, a preliminary injunction is in the public interest.

## ORDER

(1) Defendant Gary Zimet ("Defendant"), his agents, servants, employees, attorneys, and all others in active concert or participation with him, is restrained and enjoined during the pendency of this action from selling, transferring, copying or otherwise alienating any document in Defendant's possession, custody, or control that was once owned by Brown University ("Plaintiff") ("the Documents").

(2) The Documents include, but are not limited to the documents currently offered for sale on the website www.momentsintime.com relating to the application for admission to Brown University of John Fitzgerald Kennedy, Jr. any and all letters written by Mrs. Jaqueline Kennedy Onassis relating to Mr. Kennedy's application for admission or in any way related to Mr. Kennedy's time as a student at Brown University.

(3) The Documents also include, but are not limited to, any documents written by any professor, administrator, agent or employee of Brown University in any way relating to Mr. Kennedy.

(4) The Documents also include, but are not limited to, any and every document in any way related to Mr. Kennedy's time as a student at Brown University.

(5) This Preliminary Injunction is effective from November 2, 2017, and shall continue in effect until this Court enters final judgment in this action or vacates this Order.

(6) Plaintiff is to post bond in the amount of $5,000 and shall file proof of the bond within ten (10) business days after entry of this Order.

(7) Defendant shall immediately provide a copy of this Order to any person or entity that has attempted, offered, or contracted to sell any of the Documents through, with the assistance of, or to Defendant. Defendant shall, within three (3) business days following written request by email to Defendant's counsel, Theida Salazar, at salazarlawgroup@gmail.com, serve upon counsel for Plaintiff, by email to Christopher A. Duggan via chris.duggan@smithduggan.com and Kevin R. Crisp via kcrisp@lc-lawyers.com, a declaration by Defendant under penalty of perjury that he has complied with this paragraph. The statement by Defendant shall include the name, address, telephone number, and email address, of each such person or entity who was provided with a copy of this Order pursuant to this paragraph.

(8) Plaintiff's attorneys, agents, or employees may serve this Order upon any person or entity that may have possession, custody, control, or knowledge of any of the Documents, or any other entity or person that may be otherwise subject to any provision of this Order, by delivering a copy of this Order by any means, including, but not limited to, facsimile transmission or electronic mail.

(9) This Preliminary Injunction shall survive the filing of an Amended Complaint.

(10) Any party may seek to modify this Order by noticed motion.

ENTERED this 15th day of November, 2017.

*/s/ George H. Wu*
GEORGE H. WU, U.S. District Judge